UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAMANTHA SCOTTI,

        Plaintiff,                                      22 Civ.

   v.                                                 **COMPLAINT**

LONG ISLAND RAILROAD COMPANY,            JURY TRIAL REQUESTED

        Defendant.
------------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

**THE PARTIES**

1. The plaintiff is a resident of the State of New York, County of Suffolk, and City of Copiague.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court, with a usual place of business in New York.

3. Prior to April 28, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as an Assistant Conductor under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to April 28, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled Train No. 7722, Car No. 7091, at Merillon Avenue Train Station, Garden City, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On April 28, 2019, the plaintiff was working as an Assistant Conductor at the direction and training of defendant, on Train No. 7722, Car No. 7091, at Merillon Avenue Train Station, Garden City, New York while plaintiff was attempting to open the window of the sixth car of the consist to ensure that the train had fully platformed, the window was stuck and after multiple attempts, the window finally opened, plaintiff felt pain in her right shoulder.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, tearing to her right supra-spinatus tendon.

## COUNT I
## Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about April 28, 2019, while the plaintiff, an employee of the defendant, was in the performance of her duties as an Assistant Conductor while on board Train No. 7722, Car No. 7091, at Merillon Avenue Train Station, Garden City, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to warn plaintiff of the defective window;

   c. in failing to fix and/or repair defective window;

   d. in failing to maintain the window;

   e. in failing to inspect the window;

   f. in failing to maintain plaintiff's workplace; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $250,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com

3